in the section, which directs the assessment to be made *"pro rata * * * in proportion to the number of feet which each owner has of frontage on the portion of the street through which such sewer is laid."* It is by the charter made the duty of the board of assessors to ascertain and make proper allowances and exemptions where property has already been assessed for sewers in intersecting cross-streets; but beyond the exemptions specified and named in the charter there appears to be given the board no other or greater power to exempt, even though, in their judgment, some of the frontage on the street in which the sewer is laid is not benefited equally (or at all) with other property. If we are correct in this interpretation of the charter of Dunkirk, then the assessment attacked must be set aside, because by the assessment as made the plaintiffs' property has been made to bear a greater burden of taxation than can be legally imposed upon them. In other words, they are assessed for a portion of the cost of the sewer which the Legislature has declared shall be borne by other owners.

[2] It is not beyond the power of the Legislature to direct the apportionment of the entire cost of a street improvement upon abutting lots according to their frontage, without any judicial inquiry as to their value or the benefits they receive, and this does not constitute a taking of property without due process of law. French v. Barber Asphalt Paving Co., 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879; People ex rel. Scott v. Pitt, 169 N. Y. 529, 62 N. E. 662, 58 L. R. A. 372. I am unable to reach any other conclusion than that the plaintiffs are entitled to a judgment vacating and setting aside the assessment complained of.

Let a decision be drawn accordingly. So ordered, with costs against the defendant.

---

CORCORAN v. HOTALING et al.    (No. 6052.)

(Supreme Court, Appellate Division, First Department.    June 26, 1914.)

1. BANKS AND BANKING (§ 129*)—DEPOSITS—JOINT DEPOSITS.
   Laws 1907, c. 247, amending the Banking Law (Laws 1892, c. 689, now Consol. Laws, c. 2) § 144, and providing that when a deposit is made in the names of the depositor and another, to be paid to either or the survivor, such deposit shall become their property as joint tenants, does not make that form of words exclusive in the creation of such a joint ownership; such a meaning being nowhere to be found in the letter or spirit of the statute.
   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 312–315, 326, 388; Dec. Dig. § 129.*]

2. BANKS AND BANKING (§ 129*)—DEPOSITS—JOINT DEPOSITS.
   Bank deposits in the names of J. R. C. or wife, J. M., and of J. M. C. or husband, J. R., did not necessarily imply a joint tenancy with survivorship, but it was open to proof as to whether that was the intention.
   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 312–315, 326, 388; Dec. Dig. § 129.*]

3. BANKS AND BANKING (§ 154*)—DEPOSITS—ACTIONS—BURDEN OF PROOF.
   The burden of proof as to the nature of the ownership of bank deposits in the names of J. R. C. or wife, J. M., and of J. M. C. or husband, J. R.,

rested upon the plaintiff, who was the wife and claimed ownership as survivor.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 502–512, 515, 516, 518–533; Dec. Dig. § 154.*]

4. BANKS AND BANKING (§ 154*)—DEPOSITS—ACTIONS—WEIGHT AND SUFFI-CIENCY OF EVIDENCE.

Evidence in an action by the surviving wife *held* to show that bank deposits in the names of J. R. C. or wife, J. M., and of J. M. C. or husband, J. R., were made with the intention of creating a joint tenancy therein with the right of survivorship.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 502–512, 515, 516, 518–533; Dec. Dig. § 154.*]

Appeal from Special Term, New York County.

Action by Jennie M. Corcoran against Mary Hotaling and others. Judgment for plaintiff, and defendants appeal. Affirmed.

The following is the opinion of Greenbaum, J., at Special Term.

[1] The question to be decided in this case is whether certain deposits made in the Emigrant Industrial Savings Bank belong to the plaintiff or to the estate of her husband, Joseph R. Corcoran, who died intestate. Two accounts were opened with the bank on February 18, 1909, each with the sum of $2,-505.48, as follows: One in the name of "Joseph R. Corcoran or wife, Jennie M.," and the other in the name of "Jennie M. Corcoran or husband, Joseph R." Defendants contend that the omission in the form of the accounts of the words "or the survivor of them" conclusively establishes that the persons named in the bank books were not joint tenants in respect of said deposits, in view of the amendment to the Banking Law enacted in 1907 (chapter 247 of the Laws of 1907, now section 144 of the Banking Law [Consol. Laws, c. 2]). The amendment has the caption, "Deposits of Minors and Trust Deposits and Deposits in the Names of More Than One Person," and provides inter alia as follows: "When a deposit shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them, such deposit thereupon and any additions thereto made by either of such persons upon the making thereof shall become the property of such persons as joint tenants, and the same, together with all interest thereon, shall be held for the exclusive use of the persons so named, and may be paid to either during the lifetime of both or to the survivor after the death of one of them, and such payment and the receipt or acquittance of the one to whom such payment is made shall be a valid and sufficient release and discharge to said bank for all payments made on account of such deposit prior to the receipt by said bank of notice in writing not to pay such deposit in accordance with the terms thereof." But it is nowhere provided in this section that the statutory form of words therein mentioned is exclusive, nor is any limitation or restriction placed upon the creation of such joint ownership by other legal means.

[2, 3] To adopt the construction of the statute contended for by the defendant would be to read into it a meaning that cannot be found either in its letter or spirit, and to nullify an otherwise valid agreement between two parties, expressive of their intention that their ownership in a deposit is to be joint, and to devolve upon the survivor of them. The form of the deposits in the case at bar is not one which on its face would necessarily imply a joint tenancy, with its consequent absolute ownership in the survivor, and hence is clearly open to proof, the burden of which is upon the plaintiff, as to the nature of the ownership.

[4] An examination of the evidence is therefore necessary to determine whether the plaintiff has established by a preponderance of the evidence that the deposits in question were made with the intention of creating a joint tenancy therein between the plaintiff and her husband. The accounts were opened under the following circumstances:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

Under date of October 21, 1908, the deceased, Corcoran, wrote to the bank from Sydney, Australasia, where he was then engaged in business and living with his wife, stating that he was "desirous of sending my savings to N. Y. for safekeeping until I return. Will you kindly send me blanks for the opening of *two* accounts (one for myself and one for my wife)? * * * Please send me full particulars, and whether or not I can send over $1,000 at one time." The comptroller of the bank answered, by letter dated November 24, 1908, stating, among other matters: "I would suggest that the new accounts be opened in the names of yourself and wife, viz., one in the name of 'Joseph R. Corcoran or wife,' and the other 'wife's name or his.' This would enable either to draw, and in case of any unforeseen accident the survivor would be in absolute control of both accounts. We will accept any sum from $5 to $3,000, at once or in installments, as best suits your convenience. * * * If, however, you prefer to have the accounts in the individual names of each, ·it will only be necessary for you to sign one blank and your wife the same."

On January 19, 1909, the deceased, Corcoran, replied to the bank as follows: "Yours of Nov. 24th, '08, in response to mine was duly received. Herewith I am inclosing the necessary papers for the opening of two accounts, one in the names of Joseph R. Corcoran or wife, Jennie M. Corcoran, and one in the names of Jennie M. Corcoran or husband, Joseph R. Corcoran. Inclosed herewith I am sending a sight draft No. 1285 of the Bank of Australasia drawn on the Canadian Bank of Commerce, New York, and payable to your order for the sum of £1,030.0.0 sterling, the proceeds of which should amount to about $5,000. You will please divide the proceeds into two equal parts and place one part to the credit of each account as mentioned above."

It is thus seen that the response by the bank to decedent's request for "full particulars" explained to him how "in case of an unforseen accident the survivor would be in absolute control of both accounts" if he opened them in the manner pointed out, and that if he preferred the accounts could be opened in their individual names. The foregoing correspondence and the inferences deducible therefrom establish a deliberate intention on the part of Mr. Corcoran that the moneys were to be deposited in the joint ownership of himself and wife and to belong upon the death of either to the survivor of them. The oral proofs show that the plaintiff assisted in the business of the company of which her husband was manager, and for a period of two years attended daily at the office of the company, having charge of the correspondence, addressing letters, entering orders, and making entries. It appears that the business of the concern was almost entirely conducted by correspondence. For all these services she never received any compensation from the company. In West v. McCullough, 123 App. Div. 846, 108 N. Y. Supp. 493, affirmed 194 N. Y. 518, 87 N. E. 1130, it was held that, where a deposit is made in the name of a husband and wife, it is presumed that the husband intended to benefit his wife to the extent of conferring the right of ownership upon her.

Giving special significance to the circumstances under which the account was opened, and the fact that the plaintiff was the wife of Joseph R. Corcoran and actively participated in his business without compensation, the evidence convincingly establishes that it was the intention of the depositor or depositors of the accounts that the moneys should belong to them jointly and to the survivor of them.

Judgment for the plaintiff.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

C. J. Earley, of New York City, for appellants.
T. W. Churchill, of New York City, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of Greenbaum, J., at Special Term. Order filed.